Lance N. Olitt, Esq. (LO6193)
KLUGER HEALEY, LLC
106 Apple Street, Suite 302
Tinton Falls, New Jersey 07724
(732) 852-7500
Attorneys for Defendant Charles Bai
lolitt@klugerhealey.com

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FISHEL WEISS, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES BAI, <br><br> Defendant, Third-Party Plaintiff, <br><br> v. <br><br> ARI THALER, <br><br> Third-Party Defendant. | Civil Action No. 16-cv-507(FB)(VMS) <br><br> **THIRD-PARTY COMPLAINT AND JURY DEMAND** |

Defendant, Third-Party Plaintiff Charles Bai ("Bai" or "Third-Party Plaintiff"), pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, as and for his Third-Party Complaint against Third-Party Defendant Ari Thaler ("Thaler" or "Third-Party Defendant"), hereby alleges as follows:

#### PARTIES

1.  Third-Party Plaintiff Bai is an individual with an address in Flushing, New York.

2.  Third-Party Defendant Thaler is an individual with a residence address at 581 East 2nd Street Brooklyn NY 11218.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367, because the claim for contribution asserted in this third-party complaint is within the Court's supplemental jurisdiction, as that claim arises out of a suit based on federal question jurisdiction.

2. Venue in this District is proper under 28 U.S.C. § 1391(b)(3), as Third-Party Defendant is subject to personal jurisdiction in the judicial district where this Court is located.

## FACTUAL ALLEGATIONS

3. Plaintiff Fishel Weiss ("Weiss") has filed against Bai, a Complaint, a copy of which is attached hereto as Exhibit A (the "Complaint").

4. In the Complaint, Weiss alleges that Bai was his employer and that Bai is liable to Weiss under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and New York Labor Law §§ 191 *et seq.* and 650 *et seq.*, for alleged failure to pay overtime compensation, earned commissions and other alleged wages due Weiss.

5. The Complaint of Weiss requests relief in the form of a declaratory judgment that the practices complained of are unlawful under the Fair Labor Standards Act and New York Labor Law, a permanent injunction, and a monetary award of alleged unpaid wages and other compensation due Weiss, liquidated and statutory damages, interest and attorney's fees.

6. Bai denies any and all legal liability and responsibility for the acts alleged in the Complaint.

7. The business for which Weiss performed the services that are the subject of his Complaint is owned by both Bai and Thaler.

## <u>COUNT I</u>
(Contribution)

8. Bai repeats and realleges each and every allegation set forth above as if set forth at length herein.

9. Bai denies any and all legal liability and responsibility for the acts alleged in the Complaint.

10. If Bai should be found liable to Weiss, which liability is denied, Bai asserts that Thaler is a jointly responsible for any loss, liability or expense on account of Weiss's demand for judgment, by reason of Thaler's ownership interest in, and operation of, the business for which Weiss performed services.

11. By reason of the foregoing, Bai is entitled to judgment against Thaler for contribution, with respect to all claims and any damages which may be recovered against Bai.

**WHEREFORE**, Third-Party Plaintiff Bai demands judgment against Third-Party Defendant Thaler for contribution with respect to all claims and any damages which may be recovered against Bai, together with such other and further relief as the Court deems just, proper and equitable.

Dated: August 29, 2016

KLUGER HEALEY, LLC
*Attorneys for Defendant and Third-Party Plaintiff Charles Bai*

By: */s/ Lance N. Olitt*
      Lance N. Olitt (LNO6193)

106 Apple Street, Suite 302
Tinton Falls, New Jersey 07724
(732) 852-7500
lolitt@klugerhealey.com

## JURY DEMAND

Third-Party Plaintiff hereby demands jury trial as to all triable issues set forth in the Third-Party Complaint.

                KLUGER HEALEY, LLC
                *Attorneys for Defendant and Third-Party Plaintiff Charles Bai*

By: */s/ Lance N. Olitt*
      Lance N. Olitt (LNO6193)

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FISHEL WEISS, <br><br> Plaintiff, <br><br> –against– <br><br> CHARLES BAI, <br><br> Defendant. | 16 CV 507 |

## COMPLAINT AND JURY DEMAND

1. The plaintiff, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(b), alleges that the defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendant is liable to the plaintiff for unpaid or underpaid overtime compensation and such other relief available by law.

2. The plaintiff further alleges, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendant violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendant is liable to the plaintiff for unpaid or underpaid (1) overtime compensation, (2) earned commissions not timely paid, (3) other wages not timely paid, and such other relief available by law.

3. The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendant violated the same, N.Y. Lab. Law § 195(1)–(3), and that the plaintiff should be awarded of the defendant statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Fishel Weiss is and was at all relevant times an adult residing in Kings County, New York.

8. Upon information and belief, the defendant Charles Bai is an adult whose county of residence is unknown to the plaintiff.

## STATEMENT OF FACTS

9. At all relevant times, the defendant's business is car service doing business as E-Z Car Service and located at 4714 16th Avenue, Brooklyn, New York.

10. Upon information and belief, at all relevant times, the defendant Charles Bai was an owner, shareholder, officer, or manager of the defendants' business.

11. Upon information and belief, at all relevant times, the defendant Charles Bai was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff and party plaintiffs, and acted directly or indirectly in the interest of an employer.

12. Upon information and belief, at all relevant times, the defendant Charles Bai had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

13. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

14. The defendant employed the plaintiff approximately from November 2014 until July 2015.

15. The defendant employed the plaintiff as a dispatcher.

16. The plaintiff worked for the defendant approximately between forty-two and forty-six hours per week.

17. The defendant paid the plaintiff approximately $20.00 per hour. The defendant promised to begin to pay the plaintiff $25.00 per hour after the plaintiff's first two weeks of work but failed to ever do so.

18. The defendant paid the plaintiff in cash.

19. The plaintiff worked in excess of forty hours each workweek, yet the defendant willfully failed to pay the plaintiff overtime compensation of one and one-half times his regular rate of pay.

20. The defendant promised to pay the plaintiff commissions each week, and the plaintiff earned commissions each week, but the defendant failed to pay the plaintiff any of his commissions.

21. The defendant failed to provide the plaintiff with a notice and acknowledgment at the time of hiring.

22. The defendant failed to provide the plaintiff with a statement with each payment of wages.

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

23. The plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if they were set forth again herein.

24. At all relevant times, the defendant, an employer, employed the plaintiff, an employee, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

25. The business activities of the defendant are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

26. The enterprise of the defendant employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

27. Upon information and belief, at all relevant times, the enterprise of the defendant has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

28. Therefore, upon information and belief, at all relevant times, the plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

29. The defendant in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff at a rate not less than

one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

30. By 29 U.S.C. § 216(b), the defendant is liable to the plaintiff for unpaid or underpaid overtime compensation.

31. The plaintiff is further entitled to recover of the defendant an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF:
### MINIMUM WAGE ACT AND SECTION 191(1)(C) OF THE NEW YORK LABOR LAW

32. The plaintiff realleges and incorporates by reference paragraphs 1 through 31 as if they were set forth again herein.

33. At all relevant times, the defendant, an employer, employed the plaintiff, an employee, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

34. The defendant violated the plaintiff's rights by failing to pay or underpaying the plaintiff overtime compensation at a rate not less than one and one-half times the plaintiff's regular rate of pay for the hours the plaintiff worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

35. The defendant's failure to pay the plaintiff the foregoing timely is a violation of section 191 of the New York Labor Law.

36. By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendant is liable to the plaintiff for unpaid or underpaid overtime compensation.

37. The plaintiff is further entitled to recover of the defendant liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

### THIRD CLAIM FOR RELIEF:
### FAILURE TO TIMELY PAY WAGES AND EARNED COMMISSIONS

38. The plaintiff realleges and incorporates by reference paragraphs 1 through 37 as if they were set forth again herein.

39. The defendant violated the plaintiff's rights by unlawfully failing to pay the plaintiff his earned commissions, in violation of N.Y. Lab. Law § 191(1)(c).

40. The defendant failed to pay the plaintiff the plaintiff's wages not later than the regular pay day for the pay period during many workweeks, in violation of section 191(d) of the New York Labor Law.

41. By N.Y. Lab. Law § 198(1-a), the defendant is liable to the plaintiff for wages and earned commissions not timely paid.

42. The plaintiff is further entitled to recover of the defendant liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a).

### FOURTH CLAIM FOR RELIEF:
### WAGE THEFT PREVENTION ACT

43. The plaintiff realleges and incorporates by reference paragraphs 1 through 42 as if they were set forth again herein.

44. The defendant failed to furnish to the plaintiff, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the

employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

45. Due to the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiff should be awarded of the defendants statutory damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, until February 26, 2015, and statutory damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-b).

46. The defendant failed to furnish to the plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7.

47. Due to the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7, the plaintiff should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00 until February 26, 2015, and statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

48. Further, the defendant, including the defendant's officers, agents, employees, and those persons in active concert or participation with the defendant, should be permanently enjoined

from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d).

### FIFTH CLAIM FOR RELIEF: DECLARATORY RELIEF

49. The plaintiff realleges and incorporates by reference paragraphs 1 through 48 as if they were set forth again herein.

50. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiff may obtain declaratory relief.

51. The defendant violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

52. It is in the public interest to have these declarations of rights recorded.

53. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

54. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

### PRAYER FOR RELIEF

55. Wherefore, the plaintiff prays this Court grant as relief:

  a. a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

  b. an award of unpaid or underpaid overtime compensation, due under the Fair Labor Standards Act;

  c. an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

  d. an award of unpaid or underpaid (1) overtime compensation, (2) earned commissions, and (3) other wages not timely paid, due under the Minimum Wage Act and section 191 of the New York Labor Law;

  e. an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

  f. an award of statutory damages for the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

  g. a permanent injunction restraining the defendant, including the defendant's officers, agents, employees, and those persons in active concert or participation with the defendant, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

  h. if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

  i. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

  j. an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

  k. an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

  l. such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury on all questions of fact raised by the complaint.

|  |  |
|---|---|
| | LAW OFFICE OF JUSTIN A. ZELLER, P.C. |
| | By: _____ |
| | John M. Gurrieri |
| | jmgurrieri@zellerlegal.com |
| | Brandon D. Sherr |
| | bsherr@zellerlegal.com |
| | Justin A. Zeller |
| | jazeller@zellerlegal.com |
| | 277 Broadway, Suite 408 |
| | New York, N.Y. 10007-2036 |
| | Telephone: (212) 229-2249 |
| Dated: New York, New York | Facsimile: (212) 229-2246 |
| February 1, 2016 | **ATTORNEYS FOR PLAINTIFF** |